IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DONNA D. HILYER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:17-cv-164-GMB |
| | ) | [WO] |
| NANCY A. BERRYHILL, Acting | ) | |
| Commissioner, Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

On April 13, 2014, Plaintiff Donna Hilyer applied for disability insurance benefits under Title II of the Social Security Act, alleging a disability onset date of April 20, 2013. Hilyer's applications were denied at the initial administrative level. She then requested a hearing before an Administrative Law Judge ("ALJ"). The ALJ held a hearing on November 2, 2015. He denied Hilyer's claims on February 25, 2016. Hilyer requested a review of the ALJ's decision by the Appeals Council, which declined review on January 31, 2017. The ALJ's decision became the final decision of the Commissioner of the Social Security Administration (the "Commissioner") as of January 31, 2017.

Hilyer's case is now before the court for review pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Under 28 U.S.C. § 636(c)(1) and Rule 73 of the Federal Rules of Civil Procedure, the parties have consented to the full jurisdiction of the undersigned United States Magistrate Judge. Based on its careful review of the parties' submissions, the relevant law, and the record as a whole, the court concludes that the decision of the

Commissioner is due to be REVERSED and REMANDED to the Administrative Law Judge for proceedings consistent with this opinion.

## I. STANDARD OF REVIEW

The court reviews a Social Security appeal to determine whether the Commissioner's decision "is supported by substantial evidence and based upon proper legal standards." *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997). The court will reverse the Commissioner's decision if it is convinced that the decision was not supported by substantial evidence or that the proper legal standards were not applied. *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991). The court "may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner," but rather "must defer to the Commissioner's decision if it is supported by substantial evidence." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1997) (citation and internal quotation marks omitted). "Even if the evidence preponderates against the Secretary's factual findings, [the court] must affirm if the decision reached is supported by substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Moreover, reversal is not warranted even if the court itself would have reached a result contrary to that of the factfinder. *See Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

The substantial evidence standard is met "if a reasonable person would accept the evidence in the record as adequate to support the challenged conclusion." *Holladay v. Bowen*, 848 F.2d 1206, 1208 (11th Cir. 1988) (quoting *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983)). The requisite evidentiary showing has been described as "more than a scintilla, but less than a preponderance." *Bloodsworth v. Heckler*, 703 F.2d 1233,

1239 (11th Cir. 1983). The court must scrutinize the entire record to determine the reasonableness of the decision reached and cannot "act as [an] automaton[] in reviewing the [Commissioner's] decision." *Hale v. Bowen*, 831 F.2d 1007, 1010 (11th Cir. 1987). Thus, the court must consider evidence both favorable and unfavorable to the Commissioner's decision. *Swindle v. Sullivan*, 914 F.2d 222, 225 (11th Cir. 1990).

The court will reverse the Commissioner's decision on plenary review if the decision applies incorrect law or fails to provide the court with sufficient reasoning to determine that the Commissioner properly applied the law. *Id.* (citing *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994)). There is no presumption that the Commissioner's conclusions of law are valid. *Id.*

## II. STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits, a claimant must show the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). Hilyer bears the burden of proving that she is disabled, and she is therefore responsible for producing evidence sufficient to support her claim. *See Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

A determination of disability under the Social Security Act requires a five-step analysis. 20 C.F.R. § 404.1520(a). The Commissioner must determine in sequence:

(1) Is the claimant presently unable to engage in substantial gainful activity?
(2) Is the claimant's impairment(s) severe?
(3) Does the claimant's impairment(s) satisfy or medically equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
(4) Is the claimant unable to perform his former occupation?
(5) Is the claimant unable to perform other work given his residual functional capacity, age, education, and work experience?

*See Frame v. Comm'r, Soc. Sec. Admin.*, 596 F. App'x 908, 910 (11th Cir. 2015). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986) (quoting 20 C.F.R. § 416.920(a)−(f)). "Once the finding is made that a claimant cannot return to prior work the burden of proof shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citing *Gibson v. Heckler*, 762 F.2d 1516 (11th Cir. 1985)).

### III. FACTUAL BACKGROUND AND ADMINISTRATIVE PROCEEDINGS

Hilyer was 55 years old at the time of the ALJ's decision. R. 206. She lives alone in Deatsville, Alabama, although her father sometimes stays with her. R. 104. Her husband, who suffered from leukemia, passed away in February 2015. R. 104. Hilyer attended school until the twelfth grade and earned a general education diploma. R. 87. Her primary complaints are fibromyalgia, osteoarthritis, severe back problems/herniated disc, depression, and anxiety. R. 232. In the past, Hilyer worked as a bookkeeper for her late husband's painting business and then as an office manager for her son's painting business.

R. 87–88. As bookkeeper, Hilyer handled any necessary paperwork, accounts receivable, and accounts payable. R. 88. As office manager, Hilyer completed the same tasks in addition to cleaning the office. R. 89. After she began making mistakes on pay requests, Hilyer's son asked her to leave the office manager job. R. 92. Hilyer was not engaged in substantial gainful activity during the period of April 20, 2013 through September 30, 2014. R. 15.

Following an administrative hearing, the ALJ found that Hilyer suffers from the following non-severe impairments that are severe in combination under 20 C.F.R. § 404.1520(c):

> [T]he claimant had the following severe combination of impairments: diabetes mellitus type two (diet-controlled), obesity, hypertension, mild obstructive sleep apnea, status post-arthroscopic of the left knee (multiple procedures), history of mild degenerative changes in the left knee, history of degenerative changes in the right knee, history of degenerative changes in the right shoulder, distant history of a cervical fusion with residual degenerative disease, mild-to-moderate stenosis and small disc protrusion with questionable radiculopathy, mild discogenic degenerative changes and spondylosis with possible tiny annular tears of the lumbar spine with questionable intermittent radiculopathy, distant history of a total thyroid removal, hypothyroidism, history of pneumonia, and possible recurring sinusitis.

R. 15. However, the ALJ concluded at step three of the analysis that none of Hilyer's impairments, nor a combination of her impairments, met or medically equaled the severity of one of those listed in the applicable regulations. R. 19. At steps four and five, the ALJ further found that Hilyer has the residual functional capacity ("RFC") to perform light

5

work.[1] R. 21. The ALJ found that the ability to perform light work was limited in that Hilyer "can sit at least two hours without interruption and a total of at least six hours over the course of an eight-hour workday." R. 21.

Ultimately, the ALJ determined that Hilyer could perform past relevant work. R. 28. He therefore concluded that Hilyer was not disabled under the meaning of the Social Security Act from April 20, 2013 through September 30, 2014, the date Hilyer was last insured. R. 29.

Hilyer claims to have a lengthy history of musculoskeletal impairments. Doc. 14. In 2010, she began chiropractic care for neck and arm pain. R. 298. During this period, she also saw her primary physician of 30 years, Dr. Danny Ingram, for arm and shoulder pain. R. 383. An MRI report from October 2012 indicated that Hilyer had a small central disc protrusion and disc bulge. R. 374. In August 2013, Hilyer began to see chiropractor Dr. Wade Clingan for arm, shoulder, neck, and back pain. R. 424. During visits to her primary care provider, she continued to complain of joint pain. R. 344 & 347. The ALJ found that Hilyer's medical record demonstrates a history of back, shoulder, and knee pain. R.22. Hilyer has tried physical therapy, aqua therapy, and epidural injections to treat her pain. R. 424 & 612. Additionally, she has been taking pain medication for a number of years. R. 338. A physician who saw her once in 2014 opined that she appeared in no

---

[1] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of dexterity or inability to sit for long periods of time." 20 C.F.R. § 404l1567(b).

physical distress and that her most severe problem could be the pain medication. R. 467. However, at the ALJ hearing, Hilyer testified that severe neck and back issues prevent her from working. R. 89. She also has been to the doctor repeatedly for sinus problems, and has been diagnosed with acute sinusitis. R. 330–37.

Hilyer submitted a medical source statement ("MSS") from each Dr. Ingram and Dr. Clingan. Dr. Ingram indicated that Hilyer had trouble with pushing, pulling, climbing ladders and stairs, bending, stooping, and reaching overheard. R. 508. He reported that low back pain, fibromyalgia, and pain meds would affect her ability to work. R. 508. He opined that Hilyer would need to be absent from work more than three times per month because of her impairments, and that she suffered from moderate pain symptoms. R. 508. Dr. Ingram indicated that Hilyer could sit for two hours during the work day, and stand or walk for one hour. R. 509. He expressed that chronic neck pain was Hilyer's most serious symptom and that significant drug side-effects would limit her effectiveness at work due to drowsiness and inattention. R. 510.

On his MSS, Dr. Clingan indicated that Hilyer's most serious symptoms were low back pain, arm pain, and knee pain. R. 562. He opined that Hilyer could lift only five pounds occasionally and one pound frequently. R. 563. He expressed that Hilyer needed to take two-hour to three-hour breaks during the work day, and that she was unable to sit or stand for long periods of time due to the severity of her pain. R. 563. He indicated that Hilyer suffered from chronic pain and degenerative disc disease and had to take daily pain medication that would adversely affect her ability to work. R. 564–65.

7

In his decision, the ALJ afforded no weight to the opinions of treating physician Dr. Ingram and chiropractor Dr. Clingan. R. 26.

## IV. DISCUSSION

Hilyer presents three issues on appeal: (1) whether the ALJ erroneously rejected the opinion of treating physician Dr. Ingram; (2) whether the ALJ erroneously rejected the opinion of treating chiropractor Dr. Clingan; and (3) whether the ALJ erroneously found that Hilyer retained the RFC to return to her past work as a bookkeeper. Because the court agrees with Hilyer's first contention, any discussion of Hilyer's remaining arguments is pretermitted.

**A.    Dr. Ingram's Opinion**

The ALJ improperly afforded no weight to Dr. Ingram's opinion. A treating physician's opinion "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004) (internal citation omitted). "It is well settled that unless there is good cause shown to the contrary, the opinion, diagnosis and medical evidence of the treating physician, especially when the consultation has been over a considerable length of time, should be accorded considerable weight." *Perez v. Schweiker*, 653 F.2d 997, 1001 (5th Cir. 1981). Good cause exists where "the (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id.* at 1241. An ALJ may discredit the diagnosis of a treating physician only if he has articulated specific reasons for doing so. *Hale*, 831 F.2d at 1012. Furthermore, those reasons must be

supported by substantial evidence. *Id.* "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). "Therefore, when the ALJ fails to 'state with at least some measure of clarity the grounds for his decision,' we will decline to affirm 'simply because some rationale might have supported the ALJ's conclusion.'" *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (quoting *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984)). And "conclusory statements . . . to the effect that an opinion is inconsistent with or not bolstered by the medical record are insufficient to show an ALJ's decision is supported by substantial evidence unless the ALJ articulates factual support for such a conclusion." *Kahl v. Comm'r of Soc. Sec.*, 845 F. Supp. 2d 1262, 1272 (M.D. Fla. 2012).

In determining whether an ALJ's decision is supported by substantial evidence, the court maintains a "duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Winschel*, 631 F.3d at 1179 (internal quotation marks and citations omitted). A "reviewing court may not look 'only to those parts of the record which support the ALJ,' but instead 'must view the entire record and take account of evidence in the record which detracts from the evidence relied on by the ALJ.'" *Hillsman v. Bowen*, 804 F.2d 1179, 1181 (11th Cir. 1986) (internal citation omitted).

Here, while the ALJ discussed Dr. Ingram's notes throughout his decision, he articulated only two specific reasons for affording no weight to the opinion of the treating physician. The ALJ noted that Dr. Ingram opined that "the claimant was unable to perform

the physical and mental demands of sustained work activity, due to pain, fatigue, weakness, and drug-induced side effects." R. 26. The ALJ also stated that Dr. Ingram "opined that physical activities such as walking, standing, lifting, and reaching, greatly increase the claimant's symptoms and cause distractions." R. 26. The ALJ gave no weight to these opinions for the following reasons:

> Dr. Ingram's MSS is inconsistent with his treatment records. *See*, Exh. 3F, 10F. Though he opined in his MSS that the claimant's 'chronic neck pain' is her most serious symptom, the claimant treated with Dr. Ingram predominantly for respiratory symptoms and chronic sinusitis. *See*, Exh. 3F, 10F. Further, though Dr. Ingram had a treating relationship with the claimant, he is not a specialist and is, therefore, not in the best position to opine as to the claimant's limitations based on musculoskeletal impairments. R. 26.

To support these conclusory statements, the ALJ cited to 102 pages of Dr. Ingram's treatment records spanning from 2009 until 2015. R. 26.

The ALJ failed to clearly articulate how the treating physician's opinion was inconsistent with his own medical records. *See Lewis*, 125 F.3d at 1440 ("The ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error."). The ALJ does not articulate specific reasons for why "predominantly" treating Hilyer for respiratory problems should completely negate the physician's opinion—which is generally entitled to substantial or considerable weight—that her most serious symptom is chronic neck pain, that she is unable to perform the physical and mental demands of work activity, or that physical activities greatly increase her symptoms. *See Kahl*, 845 F. Supp. 2d at 1272 ("[C]onclusory statements . . . to the effect that an opinion is inconsistent with or not bolstered by the medical record are

insufficient to show an ALJ's decision is supported by substantial evidence unless the ALJ articulates factual support for such a conclusion.").

Further, there is substantial evidence that Dr. Ingram's MSS is consistent with his treatment records. *See Mills v. Astrue*, 226 F. App'x 926, 931 (11th Cir. 2007) ("The ALJ's proffered reasons for discounting the treating doctor's opinion must be support by substantial evidence."). The treatment records cited by the ALJ include notes about "neck and shoulder pain," "arthralgias," "extremely bad joint pain," "severe neck pain," and "tenderness in the trapezius area of the upper back/scapular area." R. 340–44. Dr. Ingram diagnosed Hilyer with situational anxiety and depression. R. 335 & 343. He has prescribed her strong pain medication in the past, including Perocet. R. 348 & 483. Dr. Ingram's treatment records indicate that he believes Hilyer suffers from fibromyalgia. R. 335 & 491. He concluded that Hilyer had "myalgia" and considered sending her to a rheumatology specialist. R. 343. Dr. Ingram recorded that Hilyer complained of fatigue and achy muscles. R. 330 & 347. He noted that an MRI showed a disc bulge, and found "facet arthritic changes." R. 493. In October 2014, Dr. Ingram diagnosed her with chronic neck pain. R.488.

In its Memorandum in Support of the Commissioner's Decision, the government has provided a number of reasons for why Dr. Ingram's opinion may not be entitled to substantial weight. Doc. 17. However, it is the ALJ's burden to articulate the specific reasoning behind his decision to reject the opinion of a treating physician. The court cannot now affirm "simply because some rationale might have supported the ALJ's conclusion" that the opinion of the treating physician of thirty years was entitled to no weight at all.

*Winschel*, 631 F.3d at 1179. The ALJ need not refer to every piece of evidence he considers, but he must include enough information for the court to understand the reasoning behind his decision. Because the ALJ has not articulated specific reasons bolstered by substantial evidence to support the conclusion that Dr. Ingram's opinion is inconsistent with the medical record, the court cannot find good cause to disregard the treating physician's opinion.

## V. CONCLUSION

Based on the foregoing, the undersigned concludes that the Commissioner's decision is not supported by substantial evidence and based upon the proper legal standards. It is therefore ORDERED that the decision of the Commissioner denying benefits is REVERSED and this matter is REMANDED to the Administrative Law Judge for the purpose of issuing a new disability determination consistent with this opinion.

A final judgment will be entered separately.

DONE the 30th day of August, 2018.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE